COLT B. DODRILL, ESQ.
Nevada Bar No. 9000
YANXIONG LI, ESQ.
Nevada Bar No. 12807
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

Attorneys for Plaintiff
GREEN TREE SERVICING LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>    Plaintiff,<br>v.<br><br>COLLEGIUM FUND LLC-SERIES 31; TIERRA DE LAS PALMAS OWNERS ASSOCIATION; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 2220 Mediterranean Sea Avenue, North Las Vegas, Nevada 89031,<br><br>    Defendants. | CASE No: 2:15-cv-00700-GMN-GWF<br><br>**AMENDED STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT FOR QUIET TITLE** |
| TIERRA DE LAS PALMAS OWNERS ASSOCIATION,<br><br>    Third-Party Plaintiff,<br>v.<br><br>ABSOLUTE COLLECTION SERVICES, LLC<br>A Nevada limited liability company,<br><br>    Third-Party Defendant. | |

## STIPULATION

It is hereby stipulated and agreed by and between GREEN TREE SERVICING LLC, TIERRA DE LAS PALMAS OWNERS ASSOCIATION, and COLLEGIUM FUND LLC- SERIES 31 (collectively as the "Parties"), by and through their respective counsels of record, that GREEN

1

1  TREE SERVICING LLC may file the First Amended Complaint attached to this Stipulation as

2  Exhibit "1."

3      The Parties are stipulating in the interest of judicial economy and this Stipulation shall not be

4  construed to prejudice any claims or defenses asserted by the Parties in this action.

5      IT IS SO STIPULATED.

6  DATED this 9th day of June, 2015.      DATED this 9th day of June, 2015.

7

8  By: /s/ Colt B. Dodrill          .      By: /s/ Elizabeth B. Lowell      .
    Colt B. Dodrill, Esq.             James W. Pengilly, Esq.
9      Nevada Bar No. 9000          Nevada Bar No. 6085
    Yanxiong Li, Esq.               Elizabeth B. Lowell, Esq.
10     Nevada Bar No. 12807          Nevada Bar No. 8551
    WOLFE WYMAN, LLP         PENGILLY LAW FIRM
11     980 Kelly Johnson Drive, Suite 140    1995 Village Center Circle, Suite 190
    Las Vegas, NV 89119          Las Vegas, NV 89134
12     Attorneys for Plaintiff,           Attorneys for Defendant,
    GREEN TREE SERVICING, LLC     TIERRA DE LAS PALMAS OWNERS
13                                                                ASSOCIATION

14 DATED this 9th day of June, 2015.

15

16 By: /s/ Paul R. Connaghan         .
    Paul R. Connaghan, Esq.
17     Nevada Bar No. 3229
    Tara D. Newberry, Esq.
18     Nevada Bar No. 10696
    CONNAGHAN NEWBERRY LAW
19     FIRM
    7854 W. Sahara Ave.,
20     Las Vegas, NV 89117
    Attorneys for Defendant,
21     COLLEGIUM FUND LLC SERIES
    31
22                                                      **ORDER**

23                                                      IT IS SO ORDERED.

24

25                                                      _____

26                                                      Gloria M. Navarro, Chief Judge
                                                     United States District Court
27                                                        DATED: June 9, 2015

28

2023793.1

# EXHIBIT "1"

# EXHIBIT "1"

**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**WOLFE & WYMAN LLP**
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

Attorneys for Plaintiff
GREEN TREE SERVICING LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>          Plaintiff,<br>  v.<br><br>COLLEGIUM FUND LLC-SERIES 31; TIERRA DE LAS PALMAS OWNERS ASSOCIATION; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 2220 Mediterranean Sea Avenue, North Las Vegas, Nevada 89031.<br><br>          Defendants. | CASE NO.:  2:15-cv-00700-GMN-GWF<br><br>**FIRST AMENDED COMPLAINT FOR QUIET TITLE** |

GREEN TREE SERVICING LLC ("Green Tree"), by and through its counsel of record, Wolfe & Wyman LLP, hereby complains against Defendants as follows:

**STATEMENT OF JURISDICTION**

1.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Green Tree's claim arise under the Constitution, laws, or treaties of the United States, including but not limited to 11 U.S.C. § 362, and because this claim challenges the constitutionality of Nevada's HOA foreclosure statutes.

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this claim is between diverse Defendants and the amount in controversy exceeds

1

2010863.1

1  $75,000.00.

2  3.     This matter involves certain real estate located at 2220 Mediterranean Sea Avenue,

3  North Las Vegas, Nevada 89031 ("Subject Property") and falls under the jurisdiction of this Court.

## PARTIES

4.     Green Tree is a limited liability company organized under the laws of Delaware and has a principal place of business in Minnesota.  No Member is a resident of the state of Nevada.

5.     Defendant, COLLEGIUM FUND LLC-SERIES 31 ("COLLEGIUM") is an entity organized under the laws of Nevada and doing business in the state of Nevada.  Upon information and belief, no members of COLLEGIUM are citizens of the state of Delaware.

6.     Defendant, TIERRA DE LAS PALMAS OWNERS ASSOCIATION ("HOA) is a Nevada non-profit corporation with its principal place of business in the state of Nevada.

7.     Green Tree is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other Defendants, and therefore sues those Defendants by fictitious names DOE or ROE BUSINESS ENTITY.  When Green Tree ascertains the identities and exact nature of such fictitious Defendants, it will seek leave of this Court to amend this Complaint to assert the true names thereupon.

## FACTUAL ALLEGATIONS

8.     This action centers around the parties' rights in that certain real property commonly described as 2220 Mediterranean Sea Avenue, North Las Vegas, Nevada 89031; APN 124-32-814-003.  The Subject Property is legally described as follows:

> Lot Three (3) in Block Three (3) of Tierra De Las Palmas Village 6 –
> Unit 1, as shown by Map thereof on file in Book 84 of Plats, Page 19,
> in the Office of the County Recorder of Clark County, Nevada.

9.     Green Tree is informed, believes, and thereon alleges that the Subject Property falls within the Covenants, Conditions, and Restrictions of the HOA.

*Green Tree's Interest in the Property*

10.    In 2000, the Property was conveyed to Joseph P. Sauer and Cynthia A. Sauer.  A Grant, Bargain and Sale Deed evidencing the conveyance was recorded[1] on or about October 31,

---

[1] Unless stated otherwise, all recorded documents referred to herein were recorded in the

2

2010863.1

2000 as Book and Instrument 20001031.01119. A true and correct copy of the Grant, Bargain and Sale Deed is attached as Exhibit 1.

11. Green Tree is informed and believes and thereon alleges that at all times relevant to this action Joseph P. Sauer and Cynthia A. Sauer was title owner of record of the Subject Property.

12. Green Tree is informed and believes and thereon alleges that on or about December 21, 2009, Joseph P. Sauer and Cynthia A. Sauer entered into a mortgage loan transaction ("Subject Loan") in which they borrowed $96,950.00 from Bank of America, N.A. ("BANA"), evidenced by a Note and secured by a Deed of Trust encumbering the Subject Property recorded in the official records of the Clark County Recorder on March 29, 2010 as Instrument Number 201003290000114 ("Subject Deed of Trust"). A true and correct copy of the Subject Deed of Trust is attached hereto as Exhibit 2.

13. On or about January 10, 2013, BANA assigned the Subject Deed of Trust to Green Tree. The Assignment of Deed of Trust was recorded in the official records of the Clark County Recorder on January 18, 2013 as Instrument Number 201301180002720. A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit 3.

14. Green Tree is current beneficiary of the Subject Deed of Trust and servicer of the Subject Loan.

### *The HOA Foreclosure and COLLEGIUM's Alleged Acquisition of the Property*

15. The Subject Property is subject to a Declaration of Covenants, Conditions & Restrictions of the HOA (the "CC&Rs"). The CC&Rs were recorded on or about June 27, 1997, as Book and Instrument Number 970627.00010. A true and correct copy of the CC&Rs is attached as Exhibit 4.

16. On or about February 06, 2013, Joseph Sauer filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California. At that time, an automatic stay was imposed by operation of law. A true and correct copy of the Court Docket from Mr. Sauer's Bankruptcy Case is attached hereto as Exhibit 5.

---

official records of the Clark County Recorder.

3

2010863.1

17. In violation of the automatic stay, on or about March 26, 2013, a Notice of Delinquent Assessment Lien was recorded in the official records of the Clark County Recorder as instrument number 201303260002450. A true and correct copy of the Lien for Delinquent Assessment is attached as Exhibit 6.

18. The Notice of Delinquent Assessment Lien referred to in the above paragraph recites that the "Total amount due as of 3/22/22 - $827.85."

19. Joseph Sauer's Chapter 7 Bankruptcy case was not terminated until May 31, 2013. As the HOA did not obtain any relief from stay prior to this date, the Notice of Delinquent Assessment Lien was unlawful, void and invalid.

20. Relying on the void Notice of Delinquent Assessment Lien, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded on or about July 24, 2013 in the official records of the Clark County Recorder as instrument number 201307240001988. A true and correct copy of the Lien for Delinquent Assessment is attached as Exhibit 7.

21. Relying on the void Notice of Delinquent Assessment Lien, a Notice of Trustee's Sale was recorded on or about November 04, 2013 in the official records of the Clark County Recorder as instrument number 201311040000988. A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit 8.

22. The Notice of Trustee's Sale identified in the above paragraph recites that the "sale will be made … to pay the remaining principal sum due under said Notice of Delinquent Assessment Line with interest thereon, as provided in said notice, advances, if any, estimated fees, charges, and expenses of the Trustee, to-wit: $2,896.61 Estimated Accrued interest and additional advances, if any, will increase this figure prior to sale."

23. None of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

24. None of the aforementioned notices identified above specified what portion of the lien, if any, that the HOA claimed constituted a "super-priority" lien.

25. None of the aforementioned notices identified above specified whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion

4

of the lien.

26. None of the aforementioned notices identified above provide any notice of a right to cure.

27. Relying on the void Notice of Delinquent Assessment Lien, a Corrective Foreclosure Deed was recorded on or about February 14, 2014 as Book and Instrument Number 201402140001211 reciting that COLLEGIUM had prevailed at an HOA lien foreclosure sale conducted on January 14, 2014.  The deed recites a sale price of $30,000.00.  A true and correct copy of the deed is attached as Exhibit 9.

28. As Joseph Sauer's Chapter 7 Bankruptcy case was not terminated until May 31, 2013, and as the HOA relied on a void Notice of Delinquent Assessment Lien when conducting the HOA sale, the HOA Sale was unlawful, void and invalid.

29. Green Tree is informed and believes and thereon alleges that the HOA Sale violated the automatic bankruptcy stay provided by 11 U.S.C. § 362.

30. Upon information and belief, the HOA and its foreclosure agents did not comply with all mailing and noticing requirements stated in N.R.S. 116.31162 through N.R.S. 116.31168.

31. Upon information and belief, the HOA assessment lien and foreclosure notices included improper fees and costs in the amount demanded.

32. The HOA Sale violated Green Tree's rights to due process because it and its predecessors in interest were not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments.

33. The HOA Sale was an invalid sale and could not have extinguished Green Tree's secured interest because of defects in the notices given, if any, to Green Tree or its predecessors in interest.

34. Without providing Green Tree's predecessors in interest with notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA's foreclosure sale is commercially unreasonable and deprives Green Tree, its agents, loan servicers, and/or predecessors in interest of their right to due process.

35. Extinguishment of the Deed of Trust would deprive Green Tree of its right to due process because the HOA included amounts in its super-priority lien, such as fines, late fees, interest, dues, and costs of collection that are not allowed to be included in its super-priority lien, if any, under Nevada law.

36. Extinguishment of the Deed of Trust would deprive Green Tree of its right to due process because the HOA and/or its foreclosure agent failed to describe the deficiency in payment as required by Nevada law and failed to give Green Tree's predecessors in interest, any reasonable opportunity to satisfy the super-priority lien, if any.

37. The HOA assessment lien and foreclosure notices included costs of collection and fees that are not permissible under N.R.S. 116.3102 et seq.

38. The HOA Sale did not comply with N.R.S. 116.3102 et seq.

39. Upon information and belief, at the time of the HOA Sale, the amount owed on the Subject Loan exceeded $92,000.00

40. Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $124,000.00.

41. The amount paid by COLLEGIUM at the HOA Sale, upon information and belief, was approximately $30,000.00.

42. The sale price at the HOA Sale is not commercially reasonable when compared to the debt owed to Green Tree on the Subject Loan and the fair market value of the Property.

43. The HOA Sale was invalid because it was conducted in a commercially unreasonable manner.

44. The HOA Sale by which COLLEGIUM took its interest was commercially unreasonable if it extinguished Green Tree's Deed of Trust.

45. The sales price to COLLEGIUM, when compared to the outstanding balance of Green Tree's Note and Deed of Trust and the fair market value of the Property, demonstrates that the HOA Sale was not commercially reasonable or conducted in good faith.

46. The HOA Sale is commercially unreasonable because the HOA and/or its foreclosure agent failed to describe the deficiency in payment as required by Nevada law and failed to give

6

1  Green Tree any reasonable opportunity to satisfy the super-priority lien.

2        47.     The HOA Sale was an invalid sale and could not have extinguished Green Tree's
3  secured interest because it was not a commercially reasonable sale.

4        48.     Because the CC&Rs contained a Mortgagee Protection Clause, and because Green
5  Tree, its agents, loan servicers, and/or predecessors in interest were not given proper notice that the
6  HOA intended to foreclose on the super-priority portion of the dues owing, Green Tree, its agents,
7  loan servicers, and/or predecessors in interest, were not on notice of the need to attend the HOA Sale
8  to protect the security interest in the Subject Property.

9        49.     Because the CC&Rs contained a Mortgagee Protection Clause, and because proper
10 notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not
11 given, prospective bidders, including Green Tree's predecessors in interest, did not appear for the
12 HOA Sale, making the HOA Sale commercially unreasonable.

13       50.     COLLEGIUM and the HOA knew that Green Tree and/or its predecessors in interest
14 would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs, and knew that
15 lienholders and prospective purchasers would not know that the HOA was foreclosing on super-
16 priority amounts because of the failure of the HOA and its foreclosure agent to provide such notice.
17 The absence of Green Tree's predecessors in interest the HOA Sale allowed COLLEGIUM to appear
18 at the HOA Sale without competition and purchase the Property for a fraction of its market value,
19 making the HOA Sale commercially unreasonable.

20       51.     COLLEGIUM and the HOA knew that prospective bidders would be less likely to
21 attend the HOA Sale because the public at large believed that Green Tree's predecessors in interest
22 were protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the
23 public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a
24 super-priority portion of its lien because the HOA and its foreclosure agents improperly failed to
25 provide such notice. The general public's belief therefore was that a buyer at the HOA Sale would
26 take title to the Property subject to the Subject Deed of Trust.  This general belief resulted in the
27 absence of prospective bidders at the HOA Sale, which allowed COLLEGIUM to appear at the HOA
28 Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially

7

1  unreasonable.

2  52. The circumstances of the HOA Sale of the Property breached the HOA's obligation

3  of good faith under N.R.S. 116.1113 and their duty to act in a commercially reasonable manner.

4  53. Green Tree is informed and believes that COLLEGIUM is a professional property

5  purchaser.

6  54. The circumstances of the HOA Sale of the Property and COLLEGIUM's status as a

7  professional property purchaser prevents COLLEGIUM from being deemed a bona fide purchaser

8  for value

## FIRST CAUSE OF ACTION

**(Quiet Title versus COLLEGIUM)**

11  55. Green Tree incorporates by reference the allegations of all previous paragraphs, as if

12  fully set forth herein.

13  56. Pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, this Court has the power and

14  authority to declare Green Tree's rights and interests in the Property and to resolve the parties'

15  adverse claims in the Property.

16  57. COLLEGIUM claims an interest in the Property through a Corrective Foreclosure

17  Deed recorded in the Clark County Recorder's Office as Book and Instrument Number

18  201402140001211 which is adverse to Green Tree's interest.

19  58. The HOA Sale could not have extinguished Green Tree's secured interest for the

20  reasons set forth above in the Factual Allegations.

21  59. Green Tree's Deed of Trust is a first secured interest on the Property as intended by

22  N.R.S. 116.3116(2)(b).

23  60. As the current beneficiary under the Subject Deed of Trust and owner of the Note

24  relating to the Subject Loan, Green Tree retained its first position status in the chain of title for the

25  Property after the HOA Sale.

26  61. Based on the adverse claims being asserted by the parties, the parties are entitled to a

27  judicial determination regarding the rights and interests of the respective parties to the case.

28  62. Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.

8

2010863.1

1  § 2201 and N.R.S. 40.010, that Green Tree is the beneficiary of a first position Deed of Trust which
2  still encumbers the Property.
3     63.    Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.
4  § 2201 and N.R.S. 40.010, that Green Tree's secured interest by virtue of its Deed of Trust is
5  superior to the interest, if any, acquired by COLLEGIUM through the Foreclosure Deed.
6     64.    Green Tree has been required to retain counsel to prosecute this action and is entitled
7  to recover reasonable attorney's fees to prosecute this action

## SECOND CAUSE OF ACTION

### (Declaratory Relief versus all Defendants)

10    65.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if
11 fully set forth herein.
12    66.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if
13 fully set forth herein.
14    67.    Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare Green
15 Tree's rights and interests in the Property and to resolve the parties' adverse claims in the Property.
16    68.    The Subject Deed of Trust is a first secured interest on the Property whose priority is
17 protected by N.R.S. 116.3116(2)(b).
18    69.    As the current beneficiary under the Deed of Trust and owner of the Loan, Green
19 Tree's interest in the Property retained its first position status in the chain of title after the HOA Sale.
20    70.    COLLEGIUM claims an interest in the Property through a Corrective Foreclosure
21 Deed recorded in the Clark County Recorder's Office as Book and Instrument Number
22 201402140001211 which is adverse to Green Tree's interest.
23    71.    Green Tree is entitled to a judicial determination regarding the rights and interests of
24 the respective parties to the case.
25    72.    Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.
26 § 2201, that its secured interest by virtue of its Deed of Trust is superior to the interest, if any,
27 acquired by COLLEGIUM through the Foreclosure Deed, or held or claimed by any other party.
28    73.    Green Tree is entitled to a declaration that the HOA Sale conducted by the HOA did

9

2010863.1

1. not affect or extinguish Green Tree's rights, status, legal relations and interest in the Property.

2. 74. In the alternative, Green Tree is entitled to a determination from this Court that the HOA Sale was not a valid sale and conveyed no legitimate interest to COLLEGIUM.

75. Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action

## THIRD CAUSE OF ACTION

### (Violation of Automatic Bankruptcy Stay)

76. Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

77. The HOA violated 11 U.S.C. § 362 by noticing and conducting the HOA Sale during the pendency of the automatic bankruptcy stay in effect during Mr. Sauer's bankruptcy.

78. Because the HOA violated the automatic bankruptcy stay in recording Notices and conducting the HOA Sale during that stay, the HOA Sale is invalid and should be set aside.

79. In the event the HOA Sale is not set aside as invalid, Green Tree has been damaged by the HOA's violation of the automatic bankruptcy stay to the extent the HOA Sale extinguished the First Deed of Trust.

80. Green Tree is entitled to damages in an amount according to proof.

81. It has been necessary for Green Tree to retain counsel in order to file this lawsuit, and as a result, Green Tree is entitled to its costs and a reasonable attorneys' fee.

## FOURTH CAUSE OF ACTION

### (Unconstitutional Statute versus all Defendants)

82. Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

83. This Court has the duty and jurisdiction to declare unconstitutional any law that violates a protected right.

84. Nevada's HOA foreclosure statutes violate the Due Process Clauses of the Nevada and United States Constitutions because the opt-in notice provisions do not mandate that reasonable and affirmative steps be taken to give actual notice to lenders and other holders of recorded security

interests prior to a deprivation of their property rights.

85. Because the Statutes do not require the foreclosing party to take reasonable steps to ensure that actual notice is provided to interested parties who are reasonably ascertainable (unless the interested party first requests notice) they do not comport with long standing principles of constitutional due process.

86. As a direct and proximate result of the above, Nevada's HOA foreclosure statutes are facially unconstitutional in violation of the Due Process Clauses of both the United States and Nevada Constitutions and should be stricken.

87. Green Tree is entitled to a determination from this Court that because the HOA Sale proceeded under an unconstitutional statute, it was not a valid sale, conveyed no legitimate interest to COLLEGIUM, and did not extinguish Green Tree's Deed of Trust.

88. Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

Wherefore, Plaintiff Green Tree Servicing, LLC prays for relief as follows:

1. For a judgment determining that Nevada's HOA foreclosure statutes are stricken as unconstitutional.

2. For a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to COLLEGIUM;

3. For a judgment quieting title and declaring that Green Tree's Deed of Trust continues to encumber the Property;

4. For a declaration and determination that Green Tree's interest is secured against the Subject Property, and that Green Tree's first Deed of Trust was not extinguished by the HOA Sale;

5. For a declaration and determination that Green Tree's interest is superior to the interest of COLLEGIUM and all other parties;

6. For a preliminary injunction that COLLEGIUM, its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to Green Tree's Deed of Trust or not subject to that Deed of Trust;

7. For a preliminary injunction that COLLEGIUM be required to pay all taxes,

1 | insurance and homeowner's association dues and segregate and deposit with the Court or a Court-
2 | approved trust account over which COLLEGIUM has no control during the pendency of this action;
3 |   8. If it is determined that Green Tree's Deed of Trust has been extinguished by the HOA
4 | Sale, for special damages in the amount equal to the fair market value of the Property or the unpaid
5 | balance of the Subject Loan, plus interest, at the time of the HOA Sale, whichever is greater;
6 |   9. For general and special damages;
7 |   10. For costs incurred herein, including post-judgment costs;
8 |   11. For attorney's fees; and
9 |   12. For any and all further relief deemed appropriate by this Court.

DATED:  June 9, 2015     WOLFE & WYMAN LLP

           By:/s/ *Colt B. Dodrill*
            COLT B. DODRILL, ESQ.
            Nevada Bar No. 9000
            980 Kelly Johnson Drive, Ste. 140
            Las Vegas, NV  89119

            Attorneys for Plaintiff,
            GREEN TREE SERVICING LLC

2010863.1