# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREEN TREE SERVICING, LLC,

    Plaintiff,

vs.

COLLEGIUM FUND LLC-SERIES 31, et al.,

    Defendants.

Case No. 2:15-cv-00700-GMN-GWF

**ORDER**

    This matter is before the Court on Plaintiff's failure to comply with this Court's Order Scheduling a Settlement Conference (ECF No. 68). The Court issued an Order to Show Cause (ECF No. 73) on June 15, 2016 to show why sanctions should not be imposed on the basis of Plaintiff's failure to comply with this Court's Order. Plaintiff filed its Response (ECF No. 74) on June 29, 2016. Defendant Collegium Fund LLC Series 31 ("Collegium Fund") filed its Opposition (ECF No. 75) on July 18, 2016. Third-Party Defendant Absolute Collection Services, LLC filed its Joinder (ECF No. 76) to Defendant Collegium Fund's Opposition on July 18, 2016. Defendant Tierra De Las Palmas Owners Association filed its Limited Response (ECF No. 77) on July 18, 2016. Plaintiff filed its Reply (ECF No. 81) on July 28, 2016. The Court conducted a show cause hearing on August 8, 2016. (ECF No. 82).

    On June 2, 2016, a settlement conference commenced at 9:00 am. In the order setting the settlement conference, the Court outlined the attendance requirements. (ECF No. 68). None of the parties requested an exception to the attendance requirements. After meeting individually with counsel and each party representative to hear presentations regarding settlement, the undersigned magistrate judge recommended a settlement amount that was to be made to all parties. During the settlement conference, Plaintiff's counsel and its representative indicated that they were receptive to the proposed settlement amount. It is the undersigned's impression that Mr. Verlander or Ms.

Christensen believed the proposed settlement would be accepted by Plaintiff if it was accepted by Defendants. After the Defendants conferred and accepted the proposed settlement amount, Plaintiff's counsel and its representative indicated for the first time that they needed to make a phone call to obtain authority to agree to the proposed settlement.  The undersigned is advised that Plaintiff's counsel telephoned Andrew Holm, Esq., assistant general counsel for Plaintiff, in Minneapolis, Minnesota, for settlement authority.   Mr. Holm refused to authorize the proposed settlement.  The parties did not reach a settlement and settlement discussions concluded at 3:30 pm.

In its Response, Plaintiff argues that the Court should not impose sanctions because Defendants' expenses did not result from Plaintiff's noncompliance with the Court's order scheduling a settlement conference. *See Response, (ECF No. 74), pg. 2.*  Plaintiff argues that the absence of Mr. Holm had no impact on the outcome of the settlement conference because Mr. Holm would not have agreed to the settlement amount even if he was present for the settlement conference. *Id.* at pg. 3; Exhibit 2.  Defendant Collegium Fund argues that Plaintiff's representative and counsel did not have authority to approve the settlement and that Mr. Holm received only a summary of the settlement agreement from Plaintiff's representative and counsel.  *See Opposition, (ECF No. 75), pg. 7.*

Parties and attorneys are required to follow pretrial orders.  *See* Fed. R. Civ. P. 16(f). "Violations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Robles v. APEX Linen LLC*, 2015 WL 5785499, at *2 (D. Nev. Oct. 1, 2015)(quoting *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).  Rule 16(f) provides that the Court "must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees – incurred because of any noncompliance with this rule. . ." Fed. R. Civ. P. 16(f)(2).  Similar to Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party" that fails to comply with any order of this court.  Local Rule IA 11-8.  The Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences.  *See, e.g., Lucas Auto Eng'g, Inc. V. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming sanctions

for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference).

The Eighth Circuit in *Gee Gee Nick v. Morgan's Foods, Inc.* affirmed the district court's imposition of monetary sanctions against the appellant for its lack of good faith participation in the ADR process and for its failure to comply with the district court's order. *Gee Gee Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596 (8th Cir. 2001). During the mediation, the appellant's representative only had permission to settle up to $500 and any amount over $500 had to be relayed to the decision-maker over the telephone. *Id.* at 593. The district court reasoned that "the mediation has very limited effect if the only opportunity for the decision-maker to participate in a mediation is the summary provided by counsel over the telephone, rather than participation in the mediation itself." *Id.* at 597. "To require other parties to attend a mediation where the individual who is participating as the corporate representative is so limited, and cannot be affected by the conversation [during the mediation], is to in effect negate the ability of that mediation to in any way function, much less be successful. . ." *Id.*

Although the Court may not require parties to settle a case, it may require attendance at a settlement conference by counsel and proper corporate representatives. *Wilson v. KRD Trucking W.*, 2013 WL 836995, at *4 (D. Nev. Mar. 6, 2013). Plaintiff failed to comply with the Court's unambiguous Order. Because Plaintiff is a non-individual party, the Order clearly required an officer or representative with authority to settle the matter up to the full amount of the claim to be present during the settlement conference. *See ECF No. 68.* However, Plaintiff's representative had no such authority as evidenced by the fact that upon reaching a tentative settlement amount, Plaintiff's counsel and representative had to telephone Mr. Holm for settlement authority, which he refused to grant. Plaintiff's argument that Defendants' expenses did not result from Plaintiff's failure to comply with the Court's Order because Mr. Holm's absence from the settlement conference had no effect on the outcome of the settlement conference is not convincing. If the court

accepted Plaintiff's argument, the provisions within the Court's Order requiring a fully-authorized representative to appear in person, unless excused by the Court, would be rendered unenforceable.

**IT IS HEREBY ORDERED** that the Court sanctions Plaintiff in the amount of Defendants' reasonable attorneys' fees and costs incurred in preparing for and attending the settlement conference for its failure to comply with this Court's Order Scheduling a Settlement Conference. (ECF No. 68).

**IT IS FURTHER ORDERED** as follows:

1. Defendants are entitled to an award of reasonably attorneys' fees and costs incurred in preparing for and attending the settlement conference. Counsel for Defendants shall, no later than fourteen (14) days from the entry of this order, up to and including **August 24, 2016**, serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order.[1]  The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Plaintiff shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **September 7, 2016**, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

. . .

. . .

---

[1] During the hearing conducted on August 8, 2016, Defendant Collegium Fund requested attorneys' fees and costs for preparing for and attending the show cause hearing. The court permits Defendants to include documentation of its attorneys' fees and costs relating to attendance and preparation for the show cause hearing in its briefs.

3. Counsel for Defendant shall have seven (7) days from service of the responsive memorandum, up to and including **September 14, 2016**, in which to file a reply.

DATED this 10th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge