**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:15-cv-0700-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| COLLEGIUM FUND LLC, SERIES 31, a Nevada limited liability company; TIERRA DE LAS PALMAS OWNERS ASSOCIATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| TIERRA DE LAS PALMAS OWNERS ASSOCIATION, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| | ) |
| ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |
| COLLEGIUM FUND LLC, SERIES 31, a Nevada limited liability company; | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) |
| | ) |
| GREEN TREE SERVICING, LLC; JOSEPH P. SAUER, an individual; CYNTHIA A. SAUER, an individual, | ) |
| | ) |
| Counterclaim Defendants. | ) |

Pending before the Court is a Motion for Summary Judgment filed by Defendant Collegium Fund LLC, Series 31 ("Collegium Fund"). (ECF No. 58). Plaintiff Green Tree Servicing LLC ("Green Tree") filed a Response (ECF No. 63), and Collegium Fund filed a Reply (ECF No. 70).

Also pending before the Court is a Motion for Summary Judgment filed by Green Tree. (ECF No. 59). Third-Party Plaintiff Tierra De Las Palmas Owners Association (the "HOA") and Collegium Fund both filed Responses (ECF Nos. 62, 64), and Green Tree filed a Reply to each Response (ECF Nos. 66, 71).

## I.    BACKGROUND

The present action involves the parties' interests in real property located at 2220 Mediterranean Sea Avenue, North Las Vegas, NV 89031 (the "Property"). On December 21, 2009, Joseph P. Sauer and Cynthia A. Sauer (the "Sauers") obtained a loan in the amount of $96,950.00 from Bank of America, N.A. ("BANA") that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 58-2, 59-2).[1] The Deed of Trust named BANA as the beneficiary and Recon Trust Company as the trustee. (*Id.*). Fannie Mae purportedly purchased the Sauer Loan on January 29, 2010 and has owned it ever since. (*See* Curcio Decl. ¶ 4, ECF No. 59-3); (Ex. A to Curcio Decl. at 5, ECF No. 59-3). Green Tree asserts that on December 31, 2012, BANA transferred servicing to "Fannie Mae/Ditech Financial LLC subservicer."[2] (Ex. A to Curcio Decl. at 9) ("Servicing Transfer Request Detail" with this date as the effective date). On January 10, 2013, BANA executed an Assignment of Deed of Trust to Green Tree. (Assignment of Deed of Trust, ECF No. 59-4).

---

[1] Both Collegium Fund and Green Tree attach the Deed of Trust to their Motions for Summary Judgment. (ECF Nos. 58-2, 59-2). The Court takes judicial notice of the publicly recorded documents attached to the Motions for Summary Judgment, which are all recorded in the Clark County Recorder's office. (*See, e.g.*, Exs. 1–2, 4–8 to Green Tree's MSJ, ECF Nos. 59-1–2, 59-4–8); s*ee also Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (recognizing judicial notice of publicly recorded documents)

[2] Green Tree is "now known as Ditech Financial LLC." (Green Tree MSJ 2:9, ECF No. 59).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to HERA. *See* 12 U.S.C. § 4617(a)(2); (*see also* Green Tree MSJ 2:17–23, 4:13–14).

On March 26, 2013, Absolute Collection Services, LLC ("ACS"), as agent and trustee for the HOA, recorded a Notice of Delinquent Assessment Lien against the Property for $827.85. (Not. Delinquent Assessment Lien, ECF No. 59-5). Then on July 24, 2013, ACS recorded a Notice of Default and Election to Sell, warning that the HOA would foreclose on its lien unless the assessment payments were brought up to date. (Not. Default & Election to Sell, ECF No. 59-6). On November 4, 2013, ACS, as agent and trustee for the HOA, recorded a Notice of Trustee's Sale, setting a foreclosure sale of the Property on January 14, 2014. (Not. Trustee's Sale, ECF No. 59-7). Collegium Fund subsequently purchased the Property as the highest bidder at the January 14, 2014 foreclosure sale. (Corrective Foreclosure Deed, ECF Nos. 59-1).[3] Green Tree asserts that at no time during the process did FHFA, as conservator of Fannie Mae, consent to the HOA's foreclosure. (*See* Green Tree MSJ 3:13–14, 7:10–12); (*see also* FHFA Statement, Ex. 10 to Green Tree MSJ, ECF No. 59-10).

Green Tree initiated this action on April 16, 2015, asserting, *inter alia*, a claim for quiet title against Collegium Fund, but also named the HOA. (Compl. ¶¶ 55–64, ECF No. 1). In the HOA's Answer, it also asserted a third-party complaint against ACS related to indemnity. (ECF No. 10). In Collegium Fund's Answer, it also asserted counterclaims against Green Tree and a third-party complaint against the Sauers. (ECF No. 11). On June 9, 2015, the Court granted the parties' Stipulation for Green Tree to file an Amended Complaint (ECF No. 20), which it filed on June 10, 2015. (ECF No. 21). Collegium Fund and the HOA both filed Answers to the

---

[3] There are two Foreclosure Deeds, one recorded on January 16, 2014 (Foreclosure Deed, ECF No. 59-8), and one recorded on February 14, 2014 (Corrective Foreclosure Deed, ECF No. 59-1). It appears that the first one mistakenly stated that Collegium Fund LLC, Series 32 was the Grantee, which was then remedied through the corrective deed, amending the Grantee name to Collegium Fund LLC, Series 31.

Amended Complaint. (ECF Nos. 22, 27). Collegium Fund also filed a Motion to Amend its Counterclaim and Third-Party Complaint (ECF No. 29), which Magistrate Judge George Foley, Jr. granted because no opposition was filed (ECF No. 34). ACS filed its Answer to the HOA's third-party complaint (ECF No. 35), and Green tree filed its Answer to Collegium Fund's counterclaims (ECF No. 38).

Green Tree then filed a Motion for Leave to File Second Amended Complaint ("SAC") (ECF No. 40), which Magistrate Judge Foley granted because no opposition was filed (ECF No. 52). On November 12, 2015, Green Tree filed its SAC, which was the first document to indicate that Fannie Mae had an interest in the Property. (*Compare* Am. Compl. ¶ 14, ECF No. 21, *with* SAC ¶ 9–12, ECF No. 53). Collegium Fund filed an Answer to Green Tree's SAC. (ECF No. 54). Subsequently, both Collegium Fund and Green Tree filed the instant Motions for Summary Judgment. (ECF Nos. 58–59).[4]

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

---

[4] Following the filings of these motions, the parties filed a Stipulation to Dismiss the Third Cause of Action of Green Tree's SAC: "Violation of Automatic Bankruptcy Stay versus the HOA." (ECF No. 60). The Court granted this Stipulation on January 26, 2016. (ECF No. 61).

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth "specific facts" by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The nonmoving party's evidence is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, if the evidence of the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *See id.* at 249–50 (citations omitted).

## III. DISCUSSION

### A. Green Tree's Motion for Summary Judgment

Green Tree asserts, *inter alia*, that 12 U.S.C. § 4617(j)(3) "preempts any Nevada law . . . that would otherwise permit the HOA's foreclosure of its superpriority lien to extinguish [Fannie Mae's] interest in property while [Fannie Mae is] under FHFA's conservatorship." (Green Tree MSJ 8:7–9). Green Tree also contends: "Fannie Mae's interest here . . . was a protected property interest under Section 4617(j)(3)." (*Id.* 10:4–6). Further, Green Tree argues that the HOA foreclosure sale did "not extinguish the property interests of Fannie Mae under Section 4617(j)(3) [when] conducted without FHFA's consent." (*Id.* 11:1–2). Ultimately, Green Tree asserts that Section 4617(j)(3) "defeats Collegium [Fund]'s claim to an interest in the Property free and clear of the Deed of Trust." (*Id.* 8:4–5).

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Byron*, 112 F. Supp. 3d. 1145 (D. Nev. 2015). After addressing many different arguments regarding the applicability of Section 4617(j)(3), the Court held that the plain language of Section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Skylights LLC*, 112 F. Supp. 3d. at 1158–59.

Here, Collegium Fund disputes that Fannie Mae owns an interest in the Property. (*See, e.g.*, Collegium Resp. 9:3–12:20, ECF No. 64). However, Green Tree has provided a Declaration from Fannie Mae, along with supporting business records. (Curcio Decl. & Ex. A, ECF No. 59-3). This Court has previously acknowledged such an interest based on comparable support. *See Elmer v. Freddie Mac*, No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 13, 2015); *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, N.A.*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 13, 2015). Accordingly, the Court finds that Fannie Mae has held an interest in the Property since January 29, 2010. (*See* Curcio Decl. ¶ 4); (Ex. A to Curcio Decl. at 5).

Previously, this Court has held that if FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, then § 4617(j)(3) prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust. *See Skylights LLC*, 112 F. Supp. 3d. 1145; *Elmer*, 2015 WL 4393051; *Williston Inv. Grp.*, 2015 WL 4276144. Here, however, unlike in *Skylights* and the other eight cases from this District cited by Green Tree for the same proposition (*see* Green Tree MSJ 3:16–4:3), neither FHFA nor Fannie Mae are parties or intervenors in this case. As such, the Court finds it proper to conduct an analysis regarding prudential standing. *City of Los Angeles v. Cty. of Kern*, 581 F.3d 841, 845–46 (9th Cir. 2009) (indicating that the Court may raise prudential standing *sua sponte*).

Prudential standing is "not compelled by the language of the Constitution." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 474–75 (1982). Rather, prudential standing involves "judicially self-imposed limits on the exercise of federal jurisdiction." *Kern*, 581 F.3d at 845 (quotation omitted). "Among other requirements, the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Mills v. United States*, 742 F.3d 400, 406 (9th Cir. 2014) (quoting *Valley Forge*, 454 U.S. at 474). Consequently,

courts "typically decline to hear cases asserting rights properly belonging to third parties rather than the plaintiff." *McCollum v. Cal. Dept. of Corr. & Rehab.*, 647 F.3d 870, 878 (9th Cir. 2011).

There are two rationales for this aspect of prudential standing. First, it avoids unnecessary adjudication of third party's rights, and "it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not." *Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976). "Second, third parties themselves usually will be the best proponents of their own rights." *Id.* at 114. However, a plaintiff may be allowed to assert a third party's rights "when (1) the party asserting the right has a close relationship with the person who possesses the right and (2) there is a hindrance to the possessor's ability to protect his own interests." *Mills*, 742 F.3d at 407 (quotation omitted).

Here, as explained above, Green Tree seeks to assert legal rights and interests that belong to FHFA and Fannie Mae under 12 U.S.C. § 4617(j)(3). Although Green Tree has alleged a close relationship between itself and Fannie Mae as Fannie Mae's servicer, it has not provided evidence demonstrating any hindrance to FHFA and Fannie Mae's ability to protect their own interests. FHFA and Fannie Mae are the best proponents of their own rights. *See Singleton*, 428 U.S. at 114. Green Tree therefore lacks prudential standing to raise these third parties' interests. Accordingly, Green Tree's Motion for Summary Judgment is denied.

### B. Collegium Fund's Motion for Summary Judgment

Collegium Fund asserts, *inter alia*, that the HOA foreclosure sale at which it bought the Property did not violate due process, and Collegium Fund believes it is entitled to free and clear title to the Property. (*See* Collegium Fund MSJ 10:6–14:3, ECF No. 58).

Lenders and investors have been at odds over the legal effect of an HOA nonjudicial foreclosure of a superpriority lien on a lender's first trust deed pursuant to Nevada Revised

Statutes § 116.3116. *See Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015). The Nevada Supreme Court seemed to have settled the debate in *SFR Invs. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014), holding that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *SFR*, 334 P.3d at 419.

However, on August 12, 2016, two members of a Ninth Circuit panel held in *Bourne Valley Court Trust v. Wells Fargo Bank* that Chapter 116's nonjudicial foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was amended in 2015. *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016). As a result, *Bourne Valley* is likely dispositive of this and the hundreds of other foreclosure cases pending in both state and federal court. To save the parties from the need to invest resources briefing the effect of the *Bourne Valley* opinion before the finality of that opinion has been determined, the Court **STAYS** all proceedings in this case pending exhaustion of all appeals of *Bourne Valley*.

### i. Legal Standard regarding Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.  A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### ii. Discussion regarding Stay

At the center of this case are the HOA-foreclosure sale conducted pursuant to Nevada Revised Statutes § 116.3116 and the competing arguments that the foreclosure sale either extinguished the bank's security interest under the *SFR* holding or had no legal effect because the statutory scheme violates due process.  Because the Ninth Circuit in *Bourne Valley* held that the scheme was facially unconstitutional, *see Bourne Valley*, 2016 WL 4254983, at *5, the *Bourne Valley* opinion and any modification of that opinion have the potential to be dispositive of this case.  Under this circumstance, the *Landis* factors weigh strongly in favor of staying this action pending final resolution of the *Bourne Valley* decision.  Indeed, the possible prejudice to the parties is minimal as the only potential harm is that the parties may wait longer for resolution of this case if it is stayed.  However, if this case is not stayed, a delay would also result from any motions for reconsideration that may be necessitated if the current decision in the *Bourne Valley* case does not stand.  Accordingly, a stay is not likely to appreciably lengthen the life of this case.  Further, in the absence of a stay, judicial resources may be unnecessarily expended to resolve issues which may ultimately be decided by higher courts to which this Court is bound to adhere.  Because the *Bourne Valley* decision is squarely on point, the orderly course of justice likewise weighs in favor of a stay.  Accordingly, the Court finds that staying this action pending final resolution of *Bourne Valley* would be efficient for the Court's own docket and the fairest course for the parties. *See Leyva*, 593 F.2d at 863.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that this case is administratively **STAYED** pending exhaustion of all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank*, No. 15-15233 (9th Cir. Aug. 12, 2016).  Once exhaustion occurs, any party may move to lift the stay.  Until that time, all proceedings in this action are stayed.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** without prejudice with leave to refile within twenty-one days after the stay is lifted.

**IT IS FURTHER ORDERED** that Collegium Fund shall care for, preserve, and maintain the Property.

**IT IS FURTHER ORDERED** that, beginning on March 22, 2017, the parties must file a joint status report updating the Court on the status of this case every one-hundred and eighty days.  Along with the joint status report, Collegium Fund shall submit a statement affirming that all expenses necessary to maintain the property, including but not limited to, timely and full payment of all homeowners association assessments, property taxes, and property insurance premiums due and owing or past due at any time during the effective period of this Stay are current and up to date.

**IT IS FURTHER ORDERED** that this Order does not prevent the parties from continuing to engage in settlement conference negotiations with the assistance of the Magistrate Judge.

**DATED** this  27  day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court