# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREEN TREE SERVICING, LLC,

    Plaintiff,

vs.

COLLEGIUM FUND LLC-SERIES 31, et al.,

    Defendants.

Case No. 2:15-cv-00700-GMN-GWF

**ORDER**

    This matter is before the Court on Defendant Tierra De Las Palmas Owners Association's Memorandum in Support of Request for Attorney's Fees (ECF No. 84), Defendant Collegium Fund Series 31's ("Collegium") Memorandum of Costs and Fees (ECF No. 85), and Third-Party Defendant Absolute Collection Services LLC's Memorandum of Costs and Fees (ECF No. 87), filed on August 24, 2016. Plaintiff Green Tree Servicing LLC filed its Opposition to Defendant Collegium's Memorandum of Costs and Fees (ECF No. 88) on September 7, 2016.

## BACKGROUND

    This case arises from a real property dispute where Plaintiff seeks to declare its rights and interests in the property and to resolve the parties' adverse claims in the property. *See* Second Amended Complaint (ECF No. 53). On June 2, 2016, a settlement conference commenced at 9:00 am. In the order setting the settlement conference, the Court outlined the attendance requirements. (ECF No. 68). None of the parties requested an exception to the attendance requirements. During the settlement conference, the undersigned magistrate judge recommended a settlement amount that was to be made to all parties. Plaintiff's counsel and its representative indicated that they were receptive to the proposed settlement amount. After the Defendants conferred and accepted the proposed settlement amount, Plaintiff's counsel and its representative indicated for the first time that they needed to make a phone call to obtain authority to agree to the proposed settlement. The

undersigned is advised that Plaintiff's counsel telephoned Andrew Holm, Esq., assistant general counsel for Plaintiff, in Minneapolis, Minnesota, for settlement authority. Mr. Holm refused to authorize the proposed settlement. The parties did not reach a settlement and settlement discussions concluded.

Plaintiff failed to comply with this Court's Order Scheduling a Settlement Conference (ECF No. 68). The Court issued an Order to Show Cause (ECF No. 73) on June 15, 2016 to show why sanctions should not be imposed on the basis of Plaintiff's failure to comply with this Court's Order. Plaintiff filed its Response (ECF No. 74) on June 29, 2016. Defendant Collegium Fund LLC Series 31 ("Collegium Fund") filed its Opposition (ECF No. 75) on July 18, 2016. Third-Party Defendant Absolute Collection Services, LLC filed its Joinder (ECF No. 76) to Defendant Collegium Fund's Opposition on July 18, 2016. Defendant Tierra De Las Palmas Owners Association filed its Limited Response (ECF No. 77) on July 18, 2016. Plaintiff filed its Reply (ECF No. 81) on July 28, 2016. The Court conducted a show cause hearing on August 8, 2016. (ECF No. 82). During the hearing conducted on August 8, 2016, Defendant Collegium requested attorneys' fees and costs for preparing for and attending the show cause hearing. The Court permitted Defendants to include documentation of its attorneys' fees and costs relating to attendance and preparation for the show cause hearing in its briefs. The Court sanctioned Plaintiff in the amount of Defendants' reasonable attorneys' fees and costs incurred in preparing for and attending the settlement conference for its failure to comply with this Court's Order. *See* ECF No. 83.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City*

*of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant Tierra De Las Palmas Owners Association requests $1,277.50 in attorney's fees based on 7.3 hours of work performed in preparing for, attending, and traveling to the settlement conference.  That amount is based on work performed by Elizabeth B. Lowell, Esq. at an hourly rate of $175.00, which is her hourly rate that is billed to the insurance carrier.  After reviewing Defendant Tierra De Las Palmas Owners Associations counsel's affidavit, the Court finds that 7.3 hours in attorney labor to prepare for, attend, and travel to the settlement conference at the hourly rate of $175.00 is reasonable.  As a result, the Court will award Defendant Tierra De Las Palmas Owners Association reasonable attorneys' fees in the amount of $1,277.50.

Third-Party Defendant Absolute Collection Services requests $2,231.25 in attorney's fees based on 10.5 hours of work performed in attending the settlement conference, traveling to the settlement conference, drafting its confidential settlement conference statement, and drafting its joinder to Defendant Collegium's Opposition to Plaintiff's Response to Order to Show Cause (ECF No. 76).  Although Shane D. Cox, Esq., Third-Party Defendant Absolute Collection Services' counsel, works as in-house counsel and does not bill an hourly rate to Absolute Collection Services, he states in his affidavit that in his outside employment as an attorney representing clients other than Absolute Collection Services his hourly rate ranges from $200.00 to $275.00.  The Court finds that Third-Party Defendant's counsel's requested rate of $212.50 an hour is reasonable.  The Court finds that Third-Party Defendant's itemization of spending 7.20 hours traveling to and attending the settlement conference, 3.10 hours drafting the confidential settlement conference statement, and .20 hours drafting and filing its joinder to Defendant Collegium's Opposition to Plaintiff's Response to the Order to Show Cause (ECF No. 76) is reasonable.  Therefore, the Court will award Third-Party

Defendant Absolute Collection Services reasonable attorneys' fees in the amount of $2,231.25.

Defendant Collegium requests $6,000 in attorney's fees based on 24 hours of work performed in preparing a confidential settlement conference statement, attending the settlement conference, preparing a response to the Court's Order to Show Cause, and attending the Order to Show Cause hearing. According to Defendant Collegium's counsel's affidavit, that amount is based on work performed by Tara D. Newberry, Esq. at an hourly rate of $250.00. After reviewing Defendant Collegium's counsel's affidavit, the Court finds that Defendant Collegium's counsel has provided sufficient evidence showing that her hourly rate is reasonable. However, the Court believes that 24 hours of attorney labor is excessive. The Court finds that the hours involved in preparing a confidential settlement conference statement, attending the settlement conference, preparing a response to the Court's Order to Show cause, and attending the Order to Show Cause hearing should take no more than 13.30 hours of attorney labor. As a result, the Court will award reasonable attorneys' fees to Defendant Collegium in the amount of $3,325.00.

**IT IS HEREBY ORDERED** that Plaintiff Green Tree Servicing LLC must pay the amount of $1,277.50 to Defendant Tierra De Las Palmas Owners Association, the amount of $2,231.25 to Third-Party Defendant Absolute Collection Services, and the amount of $3,325.00 to Defendant Collegium.

**IT IS FURTHER ORDERED** that Plaintiff is to make the payments to Defendant Tierra De Las Palmas Owners Association, Third-Party Defendant Absolute Collection Services, and Defendant Collegium by **October 19, 2016** unless an objection is filed.

DATED this 5th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge