# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | Case No.: 2:15-cv-0700-GMN-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| COLLEGIUM FUND LLC SERIES 31; TIERRA DE LAS PALMAS OWNERS ASSOCIATION, | |
| Defendants. | |
| TIERRA DE LAS PALMAS OWNERS ASSOCIATION, | |
| Third-Party Plaintiff, | |
| vs. | |
| ABSOLUTE COLLECTION SERVICES, LLC, A Nevada limited liability company., | |
| Third-Party Defendant. | |
| COLLEGIUM FUND LLC SERIES 31, a Nevada Limited Liability Company, | |
| Counterclaim Plaintiff, | |
| vs. | |
| GREEN TREE SERVICING LLC; JOSEPH P. SAUER, an individual; CYNTHIA A. SAUER; an individual; DOE INDIVIDUALS 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive , | |
| Counterclaim Defendants. | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 107), filed by Defendant Collegium Fund Series 31 ("Collegium Fund"). Plaintiff Green Tree Servicing LLC ("Green Tree") filed a Response, (ECF No. 113), and Collegium Fund filed a Reply, (ECF No. 117).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 108), filed by Green Tree. Collegium Fund and Defendant Tierra De Las Palmas Owners Association ("HOA") filed Responses, (ECF Nos. 111, 112), and Green Tree filed a Reply, (ECF No. 116). For the reasons set forth herein, Collegium Fund's Motion is **DENIED**, and Green Tree's Motion is **GRANTED**.

## I. BACKGROUND

The present action arises from the non-judicial foreclosure of the real property located at 2220 Mediterranean Sea Avenue, North Las Vegas, Nevada 89031 ("the Property"). (Am. Compl. ¶ 6, ECF No. 53). On December 21, 2009, Joseph P. Sauer and Cynthia A. Sauer obtained a loan in the amount of $96,950.00 from Bank of America, N.A. ("BANA") that was secured by a Deed of Trust ("DOT") on the Property and recorded on March 29, 2010. (Deed of Trust, Ex. B to Collegium Fund's Mot. for Summ. J. ("MSJ"), ECF No. 107-2).[1] Federal National Mortgage Association ("Fannie Mae") purchased the loan on January 29, 2010, and has owned it ever since. (*See* John Curcio Decl., Ex. H to Collegium Fund's MSJ ¶ 4, ECF No. 107-8).

On January 18, 2013, BANA, assigned the DOT to Green Tree. (*See* Assignment of DOT, Ex. D to Green Tree's App., ECF No. 109-4). On March 26, 2013, HOA recorded a Notice of Delinquent Assessment Lien against the Property. (*See* Notice of Delinquent Assessment, Ex. G to Green Tree's App., ECF No. 109-2). On July 24, 2013, HOA recorded a

---

[1] The Court takes judicial notice of the matters of public record attached as exhibits in the respective parties' motions. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

notice of default and election to sell, and on November 4, 2013, HOA recorded a notice of trustee's sale. (Notice of Default and Election to Sell, Ex. H to Green Tree's App., ECF No. 109-8); (Notice of Trustee's Sale, Ex. I to Green Tree's App., ECF No. 109-9).

On January 14, 2014, HOA sold the property to Collegium Fund for $30,000.00, which was recorded on January 16, 2014. (Foreclosure Deed, Ex. J to Green Tree's App., ECF No. 109-10).

In its Second Amended Complaint, Green Tree asserts the following causes of action: (1) quiet title against Collegium, (2) declaratory relief against all Defendants, (3) violation of automatic bankruptcy stay against HOA,[2] and (4) declaratory relief against all Defendants. (Second Am. Compl. ¶¶ 50–92, ECF No. 53).

In Collegium Fund's Amended Answer, it alleges the following counterclaims against Green Tree and a third-party complaint against the Sauers: (1) quiet title, (2) declaratory relief, (3) unjust enrichment, and (4) injunctive relief. (Am. Answer ¶¶ 38–86, ECF No. 37).

Collegium Fund's instant Motion requests that the Court grant summary judgment in its favor because HOA followed the necessary steps under Nevada Revised Statute ("NRS") Chapter 116. (Collegium Fund's MSJ 3:5–10, ECF No. 107).

Green Tree asserts, in its instant Motion for Summary Judgment, that 12 U.S.C. § 4617 "protects Fannie Mae's property interests while it is under the conservatorship of the Federal Housing Finance Agency ("FHFA")," and therefore, "the HOA Sale did not extinguish Fannie Mae's deed of trust, precluding Collegium Fund from claiming a free and clear interest in the property." (Green Tree's MSJ 3:2–14, ECF No. 108).

---

[2] On January 26, 2016, the Court granted the parties' stipulation to dismiss Green Tree's third cause of action. (*See* Order, ECF No. 61).

HOA "takes no position regarding the effect of the Sale on the Plaintiff's [DOT]. In addition, [HOA] takes no position regarding the effect of 12 U.S.C. § 4617 on the Sale and Plaintiff's [DOT]." (HOA's Resp. 5:2–4, ECF No. 112).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III.  DISCUSSION

The instant Motions implicate two overarching legal questions to be addressed by the Court: (1) the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), cert. denied, No. 16-1208, 2017 WL 1300223 (U.S.

June 26, 2017);[3] and (2) the interplay between NRS § 116.3116 and 12 U.S.C. § 4617. The Court will address each question in turn.

**1) The Scope and Effect of *Bourne Valley***

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156.[4] Specifically, the Court of Appeals found that by enacting the statute, the Nevada legislature acted to adversely affect the property interests of mortgage lenders and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

In holding that NRS § 116.3116's opt-in notice scheme is facially unconstitutional, the Ninth Circuit rejected the appellant's argument that NRS § 107.090 should be read into NRS § 116.31168(1) to cure the constitutional deficiency. *Id.* Specifically, the appellant argued that the "incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request." *Id.* The Ninth Circuit,

---

[3] In light of the Nevada Supreme Court's ruling in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc), the Court ordered supplemental briefing on "whether a statute that has been found to be facially invalid can be cured by subsequent interpretation by a state supreme court." (Order, ECF No. 110). Green Tree and Collegium Fund timely filed their respective supplemental briefs, (ECF Nos. 114, 115).

[4] Although Green Tree does not dispute Collegium Fund's claim that NRS § 116.3116 is not unconstitutional, the Court will still address the constitutionality of the foreclosure. (*See* Green Tree's Resp. 3:28, ECF No. 113).

interpreting Nevada law, held that this interpretation "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

Subsequent to *Bourne Valley*, a court in this District certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendment that took effect on October 1, 2015." *Bank of New York Mellon v. Star Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017). On August 2, 2018, the Nevada Supreme Court issued its decision on the certified question in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018). The Nevada Supreme Court explicitly "decline[d] to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159," and concluded that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 . . . ." *Id.* at 1253. Therefore, "before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

"[A] State's highest court is the final judicial arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation."). Federal courts are bound by its respective circuit courts' interpretations of state law only "in the absence of any subsequent indication from the [state] courts that [the federal] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *see also Togill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute that was previously found to be facially unconstitutional by a federal court). Such

rulings may only be reexamined when the "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). In determining whether intervening higher authority is "clearly irreconcilable," courts must "look at more than the surface conclusions of the competing authority." *Id.* "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* (quoting *Gammie*, 335 F.3d at 900).

Here, the Nevada Supreme Court's interpretation of NRS 116.31168's notice provisions is irreconcilable with the Ninth Circuit's prior interpretation. The Ninth Circuit's conclusion that NRS § 116.3116 violated a lenders' due process rights was explicitly premised upon the Ninth Circuit's interpretation of state law. Specifically, the Ninth Circuit concluded the notice provisions of NRS 107.090 are not incorporated into NRS 116.31168. However, because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation by holding that the notice provisions of NRS 107.090 are incorporated into NRS 116.31168, *Bourne Valley* is no longer controlling authority with respect to § 116.3116's notice provisions.

Accordingly, any argument Green Tree might present seeking quiet title based upon the Ninth Circuit's holding in *Bourne Valley* would necessarily fail. The Court thus turns to Green Tree's argument regarding the Federal Foreclosure Bar, 12 U.S.C. § 4617, in support of its Motion.

**2) Nevada Revised Statute § 116.3116 and 12 U.S.C. § 4617**

Green Tree requests that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that otherwise would permit a foreclosure of an HOA lien to extinguish Fannie Mae's property interest while it is under FHFA's conservatorship." (Green Tree's MSJ 17:25–27, ECF No. 108). In making this declaration, Green Tree argues that "the HOA Sale did not

extinguish Fannie Mae's interest in the Property and thus Collegium Fund does not have an interest in the Property free and clear of the [DOT]," and "any interest of Collegium Fund in the Property is subject to Fannie Mae's Deed of Trust." (*Id*. 17:28–18:4). Green Tree is correct.

The Court discussed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). After addressing a multitude of arguments, the Court held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id*. at 1159. Further, since the Court's prior Order, (ECF No. 90), finding that Green Tree lacked prudential standing to raise FHFA and Fannie Mae's interests, new caselaw reveals that Green Tree has standing as Fannie Mae's servicer and that neither FHFA nor Fannie Mae are necessary parties or intervenors. *See Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) ("Flagstar, as the loan servicer, acts as Fannie Mae's agent, and has standing to assert a claim of federal preemption."); *see also Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that "the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither Freddie Mac nor the FHFA need be joined as a party").

Here, Fannie Mae has held an interest in the Property since January 29, 2010. (*See* John Curcio Decl., Ex. H to Collegium Fund's MSJ ¶ 4, ECF No. 107-8). Accordingly, because FHFA held an interest in the DOT as conservator for Fannie Mae prior to HOA foreclosure, § 4617(j)(3) prevents HOA foreclosure on the Property from extinguishing the DOT. *See Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) ("Because Freddie Mac possessed an enforceable property interest and was under the Agency's conservatorship at the time of the homeowners association foreclosure sale, the Federal Foreclosure Bar served to protect the deed of trust from extinguishment."); *see also Green Tree Servicing LLC v. Valencia Mgmt.*

*LLC Series 4*, No. 2-15-cv-725-JCM-PAL, 2018 WL 505070, at *4 (D. Nev. Jan. 22, 2018) (finding that Fannie Mae's (and, by extension, plaintiff's) interest in the property survived the alleged foreclosure because Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale, Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure); *see also Nationstar Mortg. LLC v. Tow Properties, LLC II*, No. 2-17-cv-01770-APG-VCF, 2018 WL 2014064, at *7 (D. Nev. Apr. 27, 2018) (finding that Nationstar Mortgage LLC, the servicer for Fannie Mae, was entitled to summary judgment because 12 U.S.C. § 4617(j) prevents the non-consensual foreclosure of FHFA's assets, including those it holds as Fannie Mae's conservator, and thus, Fannie Mae' interest in the property were not extinguished by the HOA foreclosure); *see also Ditech Fin. v. Nevada Ass'n Servs., Inc.*, No. 2-13-cv-01157-GMN-NJK, 2018 WL 1413376 (D. Nev. Mar. 21, 2018); *see also RLP-Vervain Court, LLC v. DHI Mortg. Co., Ltd.*, No. 2-13-cv-01517-GMN-CWH, 2018 WL 1413371 (D. Nev. Mar. 21, 2018).

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Collegium Fund's Motion for Summary Judgment, (ECF No. 107), is **DENIED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Green Tree's Motion for Summary Judgment, (ECF No. 108), is **GRANTED**.

**IT IS FURTHER ORDERED** that all parties shall appear before the Court for a status conference on October 23, 2018 at 11:00 a.m. to identify all remaining claims the Court should set for trial in light of this order.

**DATED** this __28__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court